UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

STACEY SIMEON HALL,

    Plaintiff,                              No. 19-11064

v.                                        District Judge Robert H. Cleland
                                               Magistrate Judge R. Steven Whalen

JASON FLORA, ET AL.,

    Defendants.
_____/

## REPORT AND RECOMMENDATION

On March 12, 2019, Plaintiff Stacey Simeon Hall filed a pro se civil complaint in the Circuit Court for Monroe County, Michigan, based on events alleged to have occurred in Monroe County. The Defendants removed the case to this Court on April 12, 2019. Before the Court are a motion to dismiss by Defendant Jim Gonzales [ECF No. 16] and a motion to dismiss by Defendant Stormie Rae McGee [ECF No. 24]. Defendants Gonzales and McGee are both Assistant Wayne County Prosecuting Attorneys. Both motions have been referred for Reports and Recommendations under 28 U.S.C. § 636(b)(1)(B). For the reasons discussed below, I recommend that both motions be GRANTED, and that Defendants Gonzales and McGee be DISMISSED WITH PREJUDICE.

I further recommend that the Court *sua sponte* DISMISS WITH PREJUDICE Defendants Kym Worthy, Stephanie Barasa, Lori Lehmen, Wayne County, and the State of Michigan under Fed.R.Civ.P. 12(b)(1) and *Apple v. Glenn*, 183 F.3d 477 (6th Cir. 1999).

## I.   FACTS

Plaintiff alleges that on March 20, 2018, Defendant Jason Flora, a Monroe, Michigan police office, rammed his patrol car twice into Plaintiff's car, causing personal injury to Plaintiff. *Complaint* [ECF No. 1], ¶¶ 2-4, 27.  Plaintiff alleges that he was then "maliciously and baselessly" prosecuted in the Monroe District Court, and unlawfully held in custody for four days after he posted bond.  *Id*. ¶ 6.

Plaintiff asserts a claim of excessive force against Defendant Flora, in violation of the Fourth and Fourteenth Amendments, *Id*. ¶¶ 44-63;[1] an Equal Protection claim and a claim under 42 U.S.C. § 1981 against Defendant police officers, *Id*. ¶¶ 64-81; a retaliation claim against Defendant police officers, *Id*. ¶¶ 82-99; a malicious prosecution claim against Defendant police officers and Defendant City of Monroe, *Id*. ¶¶ 100-118;[2] and a claim of municipal or supervisory liability against Defendants City of Monroe, Monroe County, Wayne County, and McCormick, *Id*. ¶¶ 119-134.

## II.   STANDARD OF REVIEW

Fed.R.Civ.P. 12(b)(6) provides for dismissal of a complaint "for failure of the pleading to state a claim upon which relief can be granted." In assessing a Rule 12(b)(6) motion, the court accepts the plaintiff's factual allegations as true, and asks whether, as a matter of law, the plaintiff is entitled to legal relief.  *Rippy v. Hattaway,* 270 F.3d 416, 419 (6th Cir. 2001).

---

[1] At the beginning of the excessive force claim, ECF No. 1, Page ID.18, Plaintiff states that it is brought "against Defendant Flora." In the body of the claim, however, he asserts that "[t]hese individual defendants acted in concert and joint action with each other." *Id*. ¶ 7, Page ID.19.  As discussed in Section III, however, the body of the complaint does mention Defendants Gonzales and McGee, nor does it elucidate exactly how they "acted in concert" with the Monroe County Defendants.

[2] Plaintiff articulates this claim as being brought under 42 U.S.C. § 1983 and the Fourteenth Amendment Due Process clause, rather that state law.

In *Bell Atlantic Corp. v. Twombley*, 550 U.S 544 (2007), the Court, construing the requirements of Fed.R.Civ.P. 8(a)(2), held that although a complaint need not contain detailed factual allegations, its "[f]actual allegations must be enough to raise a right to relief above the speculative level...on the assumption that all the allegations in the complaint are true." *Id.*, at 555 (internal citations and quotation marks omitted). Further, "a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* (Internal citations and quotation marks omitted). *See also Association of Cleveland Fire Fighters v. City of Cleveland, Ohio* 502 F.3d 545, 548 (6th Cir. 2007). Stated differently, a complaint must "state a claim to relief that is plausible on its face." *Twombley*, at 570.

In *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), the Court explained and expanded on what it termed the "two-pronged approach" of *Twombley*. First, it must be determined whether a complaint contains factual allegations, as opposed to legal conclusions. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.*, at 678, citing *Twombley*, 550 U.S. at 555.  Second, the facts that are pled must show a "plausible" claim for relief, which the Court described as follows:

> "Determining whether a complaint states a plausible claim for relief will, as the Court of Appeals observed, be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense.  But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged–but it has not 'shown[n]"–'that the pleader is entitled to relief.'" 556 U.S. at 679 (internal citations omitted).

### III. DISCUSSION

#### A. Defendants Gonzales and McGee [ECF No. 16 and No. 24]

In *Iqbal*, 556 U.S. at 676, the Court held that "[b]ecause vicarious liability is inapplicable to...§ 1983 suits, a plaintiff must plead that each Government-official defendant, *through the official's own individual actions*, has violated the Constitution." (Emphasis added). The plaintiff in a § 1983 case must show that a named defendant was personally involved in the allegations underlying the complaint. *Rizzo v. Goode*, 423 U.S. 362, 372 (1976); *Bellamy v. Bradley*, 729 F.2d 416 (6th Cir. 1984). *See also Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998)("A plaintiff must allege facts, not simply conclusions, that show that an individual was personally involved in the deprivation of his civil rights. Liability under § 1983 must be based on the personal involvement of the defendant.").

The gravamen of Plaintiff's complaint is that Monroe Police Officer Flora rammed his car, that Flora and other Monroe Police Officers retaliated against him for filing another lawsuit, and that he was maliciously prosecuted for events arising out of the encounter in Monroe County. Defendants Jim Gonzales and Stormie Rae McGee are both Assistant Wayne County Prosecutors. Nothing in this complaint has anything to do with Wayne County. Their names appear nowhere in the factual section of the complaint, or anywhere in the body of the complaint. "Merely listing names in the caption of the complaint and alleging constitutional violations in the body of the complaint is not enough to sustain recovery under § 1983." *Gilmore v. Corr. Corp. of Am.*, 92 Fed.Appx. 188, 190 (6th Cir. 2004), citing *Flagg Bros. v. Brooks*, 436 U.S. 149, 155-57 (1978). The Plaintiff has presented absolutely no facts to support any claim of liability as to

Defendants Gonzales and McGee, and they are entitled to dismissal.[3]

### B. Defendants Kym Worthy, Stephanie Barasa, Lori Lehmen, Wayne County, and State of Michigan

A Court may dismiss a frivolous complaint for lack of subject matter jurisdiction under Fed.R.Civ.P. 12(b)(1). "[A] district court may, at any time, *sua sponte*, dismiss a complaint for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure when the allegations of a complaint are totally implausible, attenuated, unsubstantial, frivolous, devoid of merit, or no longer open to discussion." *Apple v. Glenn*, 183 F.3d 477, 479 (6th Cir. 1999).

Kym Worthy is the Wayne County Prosecutor. As the caption of the complaint indicates, Stephanie Barasa and Lori Lehmen are with the Michigan Department of Corrections. As was the situation with Defendants Gonzales and McGee, these Defendants are not mentioned in the body of the complaint and there are no allegations suggesting their personal involvement in any of the Plaintiff's claims. The same is true of Defendant Wayne County and State of Michigan.

In addition, the State of Michigan and its agencies are entitled to Eleventh Amendment immunity. "The Eleventh Amendment bars § 1983 suits against a state, its agencies, and its officials sued in their official capacities for damages." *Cady v. Arenac County*, 574 F.3d 334, 342 (6th Cir. 2009) (citing *Kentucky v. Graham*, 473 U.S. 159, 169 (1985)).

---

[3] To the extent that these two Defendants had been acting in their capacities as prosecuting attorneys–and again, the complaint does not contain any facts indicating what they did–they would be entitled to prosecutorial immunity. *See Cullinan v. Abramson*, 128 F.3d 301, 307-308 (6th Cir.1997); *Imbler v. Pachtman*, 424 U.S. 409 (1976).

In short, Plaintiff's claims against Defendants Kym Worthy, Stephanie Barasa, Lori Lehmen, Wayne County, and the State of Michigan are "devoid of merit" and frivolous, and may properly be dismissed under Fed.R.Civ.P. 12(b)(1).

### IV.   CONCLUSION

I recommend that the motions to dismiss filed by Defendant Gonzales [ECF No. 16] and McGee [ECF No. 24] be GRANTED, and that these two Defendants be DISMISSED WITH PREJUDICE.

I further recommend that the Court *sua sponte* DISMISS WITH PREJUDICE Defendants Kym Worthy, Stephanie Barasa, Lori Lehmen, Wayne County, and the State of Michigan under Fed.R.Civ.P. 12(b)(1) and *Apple v. Glenn*.

Any objections to this Report and Recommendation must be filed within fourteen (14) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and E.D. Mich. LR 72.1(d)(2).  Failure to file specific objections constitutes a waiver of any further right of appeal.  *Thomas v Arn,* 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985); *Howard v Secretary of HHS,* 932 F.2d 505 (6th Cir. 1991); *United States v Walters,* 638 F.2d 947 (6th Cir. 1981).  Filing of objections which raise some issues but fail to raise others with specificity will not preserve all the objections a party might have to this Report and Recommendation.  *Willis v Secretary of HHS,* 931 F.2d 390, 401 (6th Cir. 1991); *Smith v Detroit Fed'n of Teachers Local 231,* 829 F.2d 1370, 1373 (6th Cir. 1987).

Any objections must be labeled as "Objection #1," "Objection #2," etc.; any objection must recite *precisely* the provision of this Report and Recommendation to which it pertains.  Not later than fourteen (14) days after service of an objection, the opposing party must file a concise response proportionate to the objections in length and complexity.  The response must specifically address each issue raised in the objections, in

the same order and labeled ad "Response to Objection #1," "Response to Objection #2," etc.

                                                s/R. Steven Whalen  
                                                R. STEVEN WHALEN  
                                                UNITED STATES MAGISTRATE JUDGE

Dated: October 8, 2019

---

**CERTIFICATE OF SERVICE**

     I hereby certify on October 8, 2019, that I electronically filed the foregoing paper with the Clerk of the Court sending notification of such filing to all counsel registered electronically. I hereby certify that a copy of this paper was mailed to non-registered ECF participants on October 8, 2019.