UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

STACEY SIMEON HALL,

        Plaintiff,                              No. 19-11064

v.                                           District Judge Robert H. Cleland
                                                Magistrate Judge R. Steven Whalen

JASON FLORA, ET AL.,

        Defendants.

_____/

## REPORT AND RECOMMENDATION

On March 12, 2019, Plaintiff Stacey Simeon Hall filed a pro se civil complaint in the Circuit Court for Monroe County, Michigan, based on events alleged to have occurred in Monroe County. The Defendants removed the case to this Court on April 12, 2019. Before the Court is a motion for summary judgment filed by Defendants Monroe County and William Paul Nichols, the Monroe County Prosecutor at the time of the events alleged in the complaint [ECF No. 6]. The motion has been referred for a Report and Recommendation under 28 U.S.C. § 636(b)(1)(B). For the reasons discussed below, I recommend that the motion be GRANTED.

### I.   FACTS

Plaintiff alleges that on March 20, 2018, Defendant Jason Flora, a Monroe, Michigan police office, rammed his patrol car twice into Plaintiff's car, causing personal injury to Plaintiff. *Complaint* [ECF No. 1], ¶¶ 2-4, 27. Plaintiff alleges that he was then "maliciously and baselessly" prosecuted in the Monroe District Court, and unlawfully held in custody for four days after he posted bond. *Id*. ¶ 6.

Plaintiff asserts a claim of excessive force against Defendant Flora and possibly other police officers, in violation of the Fourth and Fourteenth Amendments, *Id*. ¶¶ 44-63; an Equal Protection claim and a claim under 42 U.S.C. § 1981 against Defendant police officers, *Id*. ¶¶ 64-81; a retaliation claim against Defendant police officers, *Id*. ¶¶ 82-99; a malicious prosecution claim against Defendant police officers and Defendant City of Monroe, *Id*. ¶¶ 100-118;[1] and a claim of municipal or supervisory liability against Defendants City of Monroe, Monroe County, Wayne County, and Chief of Police McCormick, and (presumably) then-Prosecuting Attorney William Paul Nichols. *Id*. ¶¶ 119-134.

Attached to the present motion for summary judgment is the affidavit of Defendant Nichols, who states that at the time of the events underlying this complaint, he was the elected Monroe County Prosecutor. *Nichols Affidavit*, ¶ 2, ECF No. 6-1, PageID.91. When he became aware of a police report regarding Plaintiff Hall, he referred the case to a special prosecutor because of Plaintiff having named him in a previous lawsuit. *Id*. ¶ 3. Included with the affidavit are the requests Mr. Nichols made to the Michigan Attorney General requesting a special prosecutor. ECF6-1, PageID.92-99. Mr. Nichols states that he had no other involvement with the prosecution of Plaintiff. *Id*. ¶ 4.[2]

---

[1] Plaintiff articulates this claim as being brought under 42 U.S.C. § 1983 and the Fourteenth Amendment Due Process clause, rather that state law.

[2] Defendant Nichols' motion states that it is "our understanding the prosecutor [Stormie Rae] McGee prosecuted this matter." ECF No. 6, PageID.84. McGee, an Assistant Wayne County Prosecuting Attorney, was named as a Defendant in this case, along with Wayne County Assistant Prosecuting Attorney Jim Gonzales. In my previous Report and Recommendation [ECF No. 30], I recommended that these Defendants' respective motions to dismiss [ECF Nos. 24 and 16] be granted, principally for Plaintiff's failure to allege any facts, plausible or otherwise, implicating them any violation of Plaintiff's rights. I also stated, at fn. 3 of the Report and Recommendation,

"To the extent that these two Defendants had been acting in their capacities

In his response [ECF No. 10], Plaintiff reiterates the allegations made in his complaint regarding Defendant Flora ramming his car, and argues that Defendant Nichols retaliated against him by filing "false charges." However, Plaintiff has not submitted any evidence to substantiate that claim.

## II.   STANDARD OF REVIEW

Summary judgment is appropriate where "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R.Civ.P. 56(c).  To prevail on a motion for summary judgment, the non-moving party must show sufficient evidence to create a genuine issue of material fact. *Klepper v. First American Bank*, 916 F.2d 337, 341-42 (6th Cir. 1990). Drawing all reasonable inferences in favor of the non-moving party, the Court must determine "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251-52 (1986).  Entry of summary judgment is appropriate "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial."  *Celetox Corp. v. Catrett*, 477 U.S. 317, 322 (1986).  When the "record taken as a whole could not lead a rational trier of fact to find for the nonmoving party," there is no genuine issue of material fact, and summary judgment is appropriate.  *Simmons-Harris v. Zelman*, 234 F.3d 945, 951 (6th Cir. 2000).

---

as prosecuting attorneys–and again, the complaint does not contain any facts indicating what they did–they would be entitled to prosecutorial immunity.  *See Cullinan v. Abramson*, 128 F.3d 301, 307-308 (6th Cir.1997); *Imbler v. Pachtman*, 424 U.S. 409 (1976)."  ECF No. 30, PageID.310.

Once the moving party in a summary judgment motion identifies portions of the record which demonstrate the absence of a genuine dispute over material facts, the opposing party may not then "rely on the hope that the trier of fact will disbelieve the movant's denial of a disputed fact," but must make an affirmative evidentiary showing to defeat the motion. *Street v. J.C. Bradford & Co.*, 886 F.2d 1472, 1479 (6th Cir. 1989). The non-moving party must identify specific facts in affidavits, depositions or other factual material showing "evidence on which the jury could *reasonably* find for the plaintiff." *Anderson*, 477 U.S. at 252 (emphasis added). If the non-moving party cannot meet that burden, summary judgment is proper. *Celotex Corp.*, 477 U.S. at 322-23.

### III.  DISCUSSION

#### A.  Defendant Nichols

Defendant Nichols has shown, by affidavit and attached exhibits, that although he was the elected Monroe County Prosecutor, he recused himself and his office from the Plaintiff's prosecution, and requested that the Michigan Attorney General appoint a special prosecutor. He did this in order to avoid the appearance of conflict of interest, since Plaintiff had named him in a previous lawsuit. Mr. Nichols' affidavit indicates that making the request for special counsel was the only involvement that he had in Plaintiff's criminal case.

Plaintiff has offered no evidence in response. He merely repeats the speculative allegations in his complaint regarding an ill-defined conspiracy and his belief that a video recording has been suppressed or doctored. This is insufficient to create a triable issue of fact. "Mere personal beliefs, conjecture and speculation are insufficient to support" a triable factual inference. *Chappell v. GTE Products Corp.*, 803 F.2d 261, 268 (6th Cir. 1986). Absent any factual support beyond "naked speculation, conjecture, hunches,

hypothesizing, intuitions, innuendo, insupportable 'inferences,' empty theorizing, creative guesswork, and wishful thinking," *Ross v. Duggan*, 402 F.3d 575, 588 (6th Cir. 2004), Plaintiff's allegations do not create a legitimate issue of fact sufficient to survive summary judgment.

Moreover, Mr. Nichols' decisions as prosecutor regarding whether or not to prosecute a defendant, and in this case to abstain from making that decision and to refer the case for a special prosecutor, are protected by absolute prosecutorial immunity. *Imbler v. Pachtman*, 424 U.S. 409 (1976); *see also Buckley v. Fitzsimmons*, 509 U.S. 259, 273 (1993)("We have not retreated, however, from the principle that acts undertaken by a prosecutor in preparing for the initiation of judicial proceedings or for trial, and which occur in the course of his role as an advocate for the State are entitled to the protections of absolute immunity. Those acts must include the professional evaluation of the evidence assembled by the police and appropriate preparation for its presentation at trial or before a grand jury after a decision to seek an indictment has been made.").

### B.   Defendant Monroe County

In *Monell v. Department of Social Services of City of New York*, 436 U.S. 658 (1978),  the Supreme Court held that under § 1983, municipal liability is not unlimited, and that a municipality could not be liable on a theory of *respondeat superior*: "A municipality cannot be held liable solely because it employs a tortfeasor—or, in other words, a municipality cannot be held liable under § 1983 on a *respondeat superior* theory." *Id*. at 691. However, the Court held that when the acts of individual employees represent the government's custom or policy, the municipality can be held liable. *Id*. at 638.

First, the Plaintiff has offered no evidence that Monroe County has any policy–written or implied–regarding retaliatory prosecutions or the initiation of prosecutions absent probable cause.  Secondly, it bears repeating that the Monroe County Prosecutor recused himself from participation in the Plaintiff's prosecution; thus, there is no viable claim against Defendant Nichols or the Prosecutor's office.  This being the case, there can be no award of damages against Monroe County. *See City of Los Angeles v. Heller*, 475 U.S. 796, 799 (1986)("[N]either *Monell*...nor any other of our cases authorizes the award of damages against a municipal corporation based on the actions of one of its officers when in fact the jury has concluded that the officer inflicted no constitutional harm.").

## IV.    CONCLUSION

I recommend that the motion for summary judgment filed by Defendants Nichols and Monroe County be GRANTED, and that these two Defendants be DISMISSED WITH PREJUDICE.

Any objections to this Report and Recommendation must be filed within fourteen (14) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and E.D. Mich. LR 72.1(d)(2).  Failure to file specific objections constitutes a waiver of any further right of appeal.  *Thomas v Arn,* 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985); *Howard v Secretary of HHS,* 932 F.2d 505 (6th Cir. 1991); *United States v Walters,* 638 F.2d 947 (6th Cir. 1981).  Filing of objections which raise some issues but fail to raise others with specificity will not preserve all the objections a party might have to this Report and Recommendation.  *Willis v Secretary of HHS,* 931 F.2d 390, 401 (6th Cir. 1991); *Smith v Detroit Fed'n of Teachers Local 231,* 829 F.2d 1370, 1373 (6th Cir. 1987).

Any objections must be labeled as "Objection #1," "Objection #2," etc.; any objection must recite *precisely* the provision of this Report and Recommendation to which it pertains. Not later than fourteen (14) days after service of an objection, the opposing party must file a concise response proportionate to the objections in length and complexity. The response must specifically address each issue raised in the objections, in the same order and labeled as "Response to Objection #1," "Response to Objection #2," etc.

> s/R. Steven Whalen
> R. STEVEN WHALEN
> UNITED STATES MAGISTRATE JUDGE

Dated: October 10, 2019

---

### CERTIFICATE OF SERVICE

I hereby certify on October 10, 2019, that I electronically filed the foregoing paper with the Clerk of the Court sending notification of such filing to all counsel registered electronically. I hereby certify that a copy of this paper was mailed to non-registered ECF participants on October 10, 2019.