**UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

STACEY SIMEON HALL,

    Plaintiff,

v.                                                    Case No. 19-11064

JASON FLORA et al.,

    Defendants.

_____/

**OPINION AND ORDER ADOPTING REPORTS AND RECOMMENDATION, OVERRULING PLAINTIFF'S OBJECTIONS, GRANTING PENDING MOTIONS TO DISMISS AND MOTION FOR SUMMARY JUDGMENT, AND DISMISSING DEFENDANTS GONZALEZ, MCGEE, COUNTY OF MONROE, AND NICHOLS**

Pro se Plaintiff Stacey Simeon Hall filed a civil rights action against a variety of Michigan state, county, and law enforcement officials. The incident giving rise to this action occurred on March 10, 2018, when—as alleged by Plaintiff—Defendant Jason Flora, a Monroe County officer, intentionally rammed Plaintiff's car with his patrol vehicle. (ECF No. 1, PageID.13.) Following the alleged "ramming" of Plaintiff's car, Defendant Flora initiated a stop of Plaintiff, and based on Plaintiff's conduct during the stop, he was subsequently charged with resisting an officer and obstruction. (ECF No. 1, PageID.31.) Plaintiff spent several days in jail for these charges before posting bond. He now sues the officers involved in the March 10th incident along with the government officials he claims orchestrated against him a fraudulent criminal prosecution.

The court referred to Magistrate Judge Steven Whalen all pretrial matters. (ECF No. 8.) Pending before the court are two Reports and Recommendation ("R&Rs") by the Magistrate Judge. In the first R&R (ECF No. 30), the Magistrate Judge recommends

that the court grant the motions to dismiss filed by Defendant Jim Gonzalez (ECF No. 16) and Defendant Stormie Rae McGee. (ECF No. 24.) In the second R&R (ECF No. 33), the Magistrate Judge recommends that the court grant the motion for summary judgment filed by Defendants County of Monroe and William Paul Nichols. (ECF No. 6.) Plaintiff filed eight "responses"[1] to the R&Rs. (ECF Nos. 35–41, 43.) After reviewing the R&Rs and the parties' filings, the court concludes that a hearing is unnecessary. *See* E.D. Mich. LR 7.1(f)(2). For the reasons explained below, the court will adopt both R&Rs, grant the currently pending dispositive motions, and dismiss Defendants Gonzalez, McGee, County of Monroe, and Nichols.

## I. STANDARD

The filing of timely objections to an R&R requires the court to "make a *de novo* determination of those portions of the report or specified findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1); *see also United States v. Raddatz*, 447 U.S. 667 (1980); *United States v. Winters*, 782 F.3d 289, 295 n.1 (6th Cir. 2015); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). This *de novo* review requires the court to re-examine all the relevant evidence previously reviewed by the magistrate judge to determine whether the recommendation should be accepted, rejected, or modified in whole or in part. 28 U.S.C. § 636(b)(1).

In order for this court to apply meaningful de novo review, it is insufficient for the objecting party to simply incorporate by reference earlier pleadings or reproduce an

---

[1] The court has also received a near constant stream of documents, requests, and letters from Plaintiff since the Magistrate Judge issued the R&Rs. The majority of these filings do not appear to pertain to the Defendants or claims at issue in this opinion.

2

earlier unsuccessful motion or response brief. *See Funderburg v. Comm'r of Soc. Sec.*, No. 15-10068, 2016 WL 1104466, at *1 (E.D. Mich. Mar. 22, 2016) (collecting cases from the Eastern District of Michigan). Insufficient objections to a magistrate judge's analysis will ordinarily be treated by the court as an unavailing general objection. *See Spencer v. Bouchard*, 449 F.3d 721, 725 (6th Cir. 2006) ("Overly general objections do not satisfy the objection requirement.").

## II. DISCUSSION

Of the eight "responses" filed by Plaintiff, only three contain actual arguments related to the pending motions. One of Plaintiff's responses, titled "Answer to Report" (ECF No. 41), does not specifically address either R&R but rather contains an assortment of new factual allegations, generalized grievances, and unlabeled documents. The court need not consider such general "objections." *See Spencer*, 449 F.3d at 725. However, the court will briefly comment on some of the statements made in Plaintiff's "Answer."

Plaintiff's remaining "responses" contain what appears to be newly submitted evidence which primarily relates to Plaintiff's claims against the other named Defendants. The substance of such "evidence" does not change or impact the court's rulings as described below.

### A. Objections to R&R ECF No. 30

Both Defendants Gonzalez and McGee are Wayne County prosecutors. The Magistrate Judge correctly observed that the complaint contains no specific factual allegations against either Defendant and recommends granting their motions to dismiss on that basis. In the alternative, the Magistrate Judge also recommends granting the

3

motions to dismiss because Defendants Gonzalez and McGee are entitled to prosecutorial immunity. (ECF No. 30, PageID.309–10.)

Plaintiff's objections to the R&R are difficult to parse but largely summarize his earlier assertions that Defendants Gonzalez and McGee—who served as special prosecutors in the state proceedings related to this case—violated his unspecified "rights" by failing to prosecute Defendant Flora for "ramming" Plaintiff's car and by initiating criminal charges against Plaintiff. (ECF No. 37, PageID.381.) In Plaintiff's document titled "Answer to Report" (ECF No. 41), he also argues that Defendants are not entitled to prosecutorial immunity because they acted in "administrative functions." (ECF No. 41, PageID.435.) However, the cases cited by Plaintiff do not support his assertion. At their core, Plaintiff's claims and arguments relate to the charging decisions of the Defendants. As prosecutors, the Defendants are entitled to immunity for such conduct. *See Cullinan v. Abramson*, 128 F.3d 301, 307–08 (6th Cir.1997); *Imbler v. Pachtman*, 424 U.S. 409 (1976). The court will overrule Plaintiff's objections.

## B. Objections to R&R ECF No. 33

In the second R&R, the Magistrate Judge recommends granting the summary judgment motion of Defendants Monroe County and William Paul Nichols. At the time of the events alleged in the complaint, Defendant Nichols served as the Monroe County Prosecutor. In the summary judgment motion, Nichols asserts through affidavit testimony that once he became aware of a police report involving Plaintiff, he referred the case to a special prosecutor—Defendant Stormie Rae McGee of Wayne County— because Plaintiff had previously sued him. (ECF No. 6-1, PageID.91.) The Magistrate Judge recommends granting Defendants' motion based on the affidavit testimony of

4

Defendant Nichols that he had no involvement in Plaintiff's state court case apart from referring the case to the special prosecutor. The Magistrate Judge also proposes granting the motion based on the entitlement of Defendant Nichols to prosecutorial immunity. Additionally, the Magistrate Judge found no evidence to suggest that Defendant County of Monroe had an unconstitutional policy of retaliatory charging or any facts sufficient to charge Defendant Monroe County with a constitutional violation. (ECF No. 33, PageID.349.) The court agrees with these proposed findings.

Plaintiff's "response" to the R&R contains no discernable challenge to the legal analysis of the Magistrate Judge. Plaintiff merely summarizes his theory of the case and repeats his earlier assertions that Defendant Flora intentionally "rammed" Plaintiff's car and that various Defendants "conspired" to manufacture criminal charges against him. (ECF No. 38, PageID.391.) Plaintiff's summary of the case raises no legal justification to depart from the analysis of the Magistrate Judge. The court will overrule his objections and grant the motion for summary judgment. *See Spencer*, 449 F.3d at 725; *Funderburg*, 2016 WL 1104466, at *1.

### C. Objection to "Conflict of Interest" of the Magistrate Judge

In his "Answer," Plaintiff appears to assert that the assigned Magistrate Judge should recuse from this case because the Magistrate Judge was named as a defendant in the now-closed case of *Micks-Harm v. Nichols*, No. 18-12634 in which Plaintiff was an interested party. (ECF No. 41, PageID.433.) The *Micks-Harm* case was a consolidated action brought by the patients of a former pain management doctor who was federally indicted for multiple counts of health care fraud and unlawful distribution of controlled substances. The Magistrate Judge was named as a defendant in that case

because he signed a search warrant to search the doctor's home and medical practice. Mot. to Dismiss, *Micks-Harm v. Nichols*, No. 18-12634 (E.D. Mich. Aug. 21, 2019), ECF No. 578, PageID.7353. The court ultimately granted the dispositive motions filed by the defendants, including the Magistrate Judge's motion to dismiss, and closed the case. Op. and Order, *Micks-Harm v. Nichols*, No. 18-12634 (E.D. Mich. Sept. 30, 2019), ECF No. 743, PageID.9802.

Plaintiff filed several documents in that case, the majority of which he filed after the court's order granting the motions to dismiss. The only filing that appears to relate to the Magistrate Judge is titled "motion of obstruction of justice, obstruction of a proceeding, arising from retallation [sic] against a process server." The motion contains no discernable claims but rather sweeping allegations of RICO conspiracy and violations of the Fourth and Fourteenth Amendments by a variety of individuals. Plaintiff mentions the Magistrate Judge only in passing, noting that the Magistrate Judge signed a warrant (seemingly the same warrant at issue in the original complaint) to search the doctor's home and office. Mot., *Micks-Harm v. Nichols*, No. 18-12634 (E.D. Mich. Jan. 29, 2019), ECF No. 25, PageID.358.

Judges are entitled to absolute immunity for judicial acts, including signing a warrant. *See Mireles v. Waco,* 502 U.S. 9, 11–12 (1991). The fact that the Magistrate Judge was named as a defendant in a frivolous and now-closed case in which Plaintiff appeared as a pro se interested party does not call into question the impartiality of the Magistrate Judge in this matter. The Sixth Circuit has made clear that "a judge is not disqualified from hearing a case merely because a litigant sues or threatens to sue him or her." *Rodman v. Misner*, 852 F.2d 569, 569 (6th Cir. 1988) (citing *United States v.*

*Grismore*, 564 F.2d 929, 933 (10th Cir. 1977), *cert. denied*, 435 U.S. 954 (1978)). Accordingly, to the extent Plaintiff seeks to disqualify the Magistrate Judge based on the involvement of the Magistrate Judge in the *Micks-Harm* case, the court will deny his objections.

### III. CONCLUSION

For the reasons explained above, Plaintiff presents no legal or factual reason to depart from the analysis of the Magistrate Judge. The court will adopt the R&Rs and grant the pending motions. Accordingly,

IT IS ORDERED that the R&Rs (ECF Nos. 30, 33) are **ADOPTED** and Plaintiff's objections/responses (ECF Nos. 35–41, 43) are **OVERRULED**.

IT IS FURTHER ORDERED that the Motion for Summary Judgment filed by Defendants County of Monroe and Nichols (ECF No. 6), Motion to Dismiss filed by Defendant Gonzalez (ECF No. 16), and Motion to Dismiss filed by Defendant McGee (ECF No. 24) are **GRANTED**. Defendants Nichols, County of Monroe, Gonzalez, and McGee are **DISMISSED** from the case. The Magistrate Judge will retain jurisdiction over all pretrial matters related to Plaintiff's claims against the remaining Defendants.

                                                 s/Robert H. Cleland  
                                                 ROBERT H. CLELAND  
                                                 UNITED STATES DISTRICT JUDGE

Dated: December 12, 2019

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, December 12, 2019, by electronic and/or ordinary mail.

                                                 s/Lisa Wagner  
                                                 Case Manager and Deputy Clerk  
                                                 (810) 292-6522

S:\Cleland\Cleland\HEK\Civil\19-11064.HALL.R&R.1983.HEK.docx